NEW HAVEN TENANTS' REPRE-
SENTATIVE COUNCIL,
INC., et al.

v.

HOUSING AUTHORITY OF the CITY
OF NEW HAVEN et al.

Civ. No. N–75–23.

United States District Court,
D. Connecticut.

Feb. 4, 1975.

On Motion to Vacate Temporary Restrain-
ing Order March 17, 1975.

Bruce A. Morrison, New Haven, Conn., for plaintiffs.

Ronald J. Fracasse, New Haven, Conn., Albert J. Callahan, Hartford, Conn., for defendants.

## RULING ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

NEWMAN, District Judge.

Plaintiffs have moved for a temporary restraining order on behalf of themselves and one of the classes they seek to represent in this suit under 42 U.S.C. § 1983 challenging various aspects of the procedures by which the New Haven Housing Authority (NHHA) and its officials are instituting summary process actions to evict plaintiffs for non-payment of rent. Conn.Gen.Stat. § 52–532 et seq. The principal ground for complaint is that service of the writs instituting the summary process actions was in fact not made. From the claims made by the parties at two chambers conferences, it appears that on January 7, 1975, the NHHA filed summary process actions against the four named plaintiffs and 79 other public housing tenants with return days of January 9, 1975. Accompanying these filings were the returns of defendant Russo, a deputy sheriff, that he made abode service upon all 83 tenants on January 2, 1975. Plaintiffs allege partly by affidavit and partly on information and belief that service was not in fact made on the named plaintiffs nor on other tenants. They also allege that the tenants live in different locations, a claim lending some support to their allegation of non-service. They further contend that many of the tenants were at home on January 2, 1975, and that these tenants were not served personally, a circumstance that plaintiffs assert demonstrates that the summary process actions were instituted without due process of law for lack of the most adequate service feasible.

The named plaintiffs purport to represent a class consisting of all tenants of the NHHA against whom summary process actions have been instituted with return days of January 9, 1975.

Plaintiffs fear that the state courts may not provide an adequate forum for determination of the adequacy of the notice used to institute the summary process actions. They contend that if judgment is entered in the state court for failure to appear, the tenants will then have five days in which to apply to the state court for reopening of the judgment on the ground of lack of adequate personal service. Plaintiffs further contend that notice of this right is sent to the tenants by the state court by use of a rubber-stamped message, a copy of which has been shown to the Court. The copy displayed is nearly illegible. Moreover, a readable copy indicates that the state court notice of judgment does not alert the tenant to the fact that he has only five days in which to challenge the judgment. Finally, one of the named plaintiffs has submitted an affidavit alleging that after she received from the state court a notice of judgment, she was advised by an official of the NHHA that the notice was "just routine and did not mean anything." In these circumstances, plaintiffs are fearful that other members of the class may never adequately learn that judgments have been entered against them in actions that the plaintiffs allege were unconstitutionally instituted for lack of proper service. The risk of eviction in such circumstances creates a weighty equity in favor of some form of temporary relief.

■■ Weighing against relief is the normal reluctance of a federal court to interfere with state court proceedings, compare Younger v. Harris, 401 U.S. 37, 91 S.Ct. 766, 27 L.Ed.2d 669 (1971), with Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), although it is clear that, in special circumstances, such action is authorized by § 1983 notwithstanding 28 U.S.C. § 2283. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). *Gibson* indicates that comity considerations

need not dissuade a federal court from acting where the state court's proceedings will not afford the plaintiffs due process of law. That determination cannot be made at this early stage of the litigation, but the risk of such a deprivation occurring is not so illusory as to justify total federal court abstention.

 Under the circumstances, it seems appropriate to permit the state court's proceedings to unfold with the minimum possible federal court interference, yet at the same time guarding against the risk that plaintiffs may suffer irreparable injury in the event that due process is not accorded in the state courts. Toward that end, this Court will conditionally certify this action as a class action and permit the named plaintiffs to represent the class consisting of all tenants of the NHHA against whom summary process actions were filed with return days of January 9, 1975. Temporary injunctive relief will be accorded the class only to the extent of preventing the NHHA from enforcing any executions it obtains so that, before any members of the class are actually evicted, this Court can have an opportunity to evaluate the procedure by which the state court adjudicated the issue of the adequacy of the service of the summary process writs and the adequacy of the notice to members of the class informing them that judgments have been obtained. The temporary relief to be granted will not prevent the NHHA from taking any steps in the summary process actions other than enforcing executions, nor will it prevent the NHHA from collecting (other than by threat of eviction), or negotiating repayment agreements for, rent already due. No class member will be entitled to the benefit of the restraining order unless the tenant makes payment of rent for the month of February by February 14.

Accordingly, it is hereby ordered that defendants New Haven Housing Authority, Edward White, Mel Norfleet, and Joseph Ciesluk, their attorneys, agents and employees, and all persons acting in concert with them are enjoined from taking any action to enforce writs of execution or other similar process issued as a result of judgments obtained in summary process actions against those tenants of the New Haven Housing Authority against whom summary process actions were filed with return days of January 9, 1975; that this Order shall not enjoin the defendants from enforcing the aforesaid executions against any tenant who fails to pay the rent for the month of February by February 14, 1975; and that by 5:00 p. m., February 5, 1975, defendants will provide plaintiffs with the names and addresses of all members of the class (except those as to whom summary process actions have been withdrawn), and plaintiffs will by 5:00 p. m., February 7, 1975, send by first class mail to those members of the class notice of the fact that this Order has been entered and that tenants will not obtain the benefit of this Order unless they pay their February rent by February 14, 1975.

This Order shall expire February 15, 1975, unless extended for good cause shown.

It is further ordered that plaintiffs' motion for preliminary injunction will be heard at the Courthouse in New Haven at 2:00 p. m., February 13, 1975.

### RULING ON DEFENDANTS' MOTION TO VACATE TEMPORARY RESTRAINING ORDER

NEWMAN, District Judge.

 The state court having held a three-day evidentiary hearing on the pleas in abatement and having rendered its decision sustaining the pleas, and the defendant Housing Authority having, as a result, withdrawn the challenged summary process actions, the temporary restraining order previously issued is hereby vacated.